IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tito Cooper, )<br> )<br>              Movant, )<br> )<br>vs. )<br> )<br>United States of America, )<br> )<br>              Respondent. )<br>_____) | Cr. No. 5:07-452<br><br>**ORDER AND OPINION** |

Movant Tito Cooper is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Estill in Estill, South Carolina. On September 30, 2013, Movant, proceeding pro se, filed a motion to vacate, set aside, or correct sentence. See 28 U.S.C. § 2255. Respondent United States of America (the "government") filed a motion to dismiss on March 27, 2014. By order filed March 28, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to the government's motion on April 23, 2014.

I. FACTS AND PROCEDURAL HISTORY

Movant was indicted on April 18, 2007, and charged with three counts of intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On July 25, 2007 and August 27, 2007, the government filed an Information notifying Movant that he was subject to increased penalties provided by 21 U.S.C. § 851 based on prior convictions in 1996 for trafficking in cocaine by transportation and trafficking in cocaine by possession, and in 2006 for possession of crack cocaine. ECF Nos. 24, 27. On August 29, 2007, Movant executed a plea agreement in which he pleaded guilty to Count 3. The court accepted

Movant's change of plea subsequent to a hearing on September 4, 2007.

The United States Probation Office (USPO) prepared a presentence investigation report (PSR). Movant received three points under U.S.S.G. § 4A1.1(a) for a conviction on May 26, 1998 in Clarendon County General Sessions Court for possession with intent to distribute cocaine. He was sentenced at that time to five years imprisonment with credit for time served in custody from April 1994 to February 22, 1998 with respect to charges in Cumberland County, North Carolina. This conviction served as a predicate offense for career offender status. ECF No. 44, ¶ 23. Movant also received three points under § 4A1.1(a) for convictions on January 8, 1996 in Cumberland County Superior Court in Fayetteville, North Carolina, for trafficking in cocaine and trafficking cocaine by possession. Movant was sentenced at that time to 35 and 42 months confinement, respectively, with credit for 301 days served. These convictions served as a predicate offenses for career offender status and 21 U.S.C. § 851. Id. ¶ 25. Movant received one point under U.S.S.G. § 4A1.1(c) for driving under the influence. Id. ¶ 26. Finally, Movant received one point under U.S.S.G. § 4A1.1(c) for a conviction on May 18, 2006 in Orangeburg County General Sessions Court for possession of less than one gram of crack cocaine, 1st offense. He was sentenced to three years confinement suspended to two and one-half years probation. This conviction served as a predicate offense for 21 U.S.C. § 851.

Movant's criminal convictions resulted in a criminal history score of eight. He received a two-level enhancement because he was on state probation at the time of the offenses charged in the indictment, for a total of ten points and a criminal history category of V. However, because Movant was deemed to be a career offender, his criminal history category was VI. See U.S.S.G § 4B1.1.

Movant was held accountable for 18.22 grams of cocaine base, for a base offense level of 24.

2

Because he was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1, his offense level became 37. Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 34. Movant's range under the United States Sentencing Guidelines was 262 to 327 months incarceration. Movant did not interpose objections to the PSR.

Movant came before the court for sentencing on January 24, 2008. The court granted a three-level variance that reduced Movant's guidelines range to 188 to 235 months imprisonment. Movant was sentenced to 200 months incarceration. Judgment was entered on January 30, 2008. Movant did not file a notice of appeal.

Movant contends in his § 2255 motion that he received ineffective assistance of counsel. According to Movant, the indictment in Clarendon County General Sessions Court was dismissed nolle prosequi on May 26, 1998, contrary to the information contained in the PSR, and thus should not have been used as a predicate offense for career offender status. In support of his position, Movant contends that Paragraphs 23 and 31 of the PSR represent the same offense:

| 23. | 03/11/94 (Age 20) | Possession with Intent to Distribute Cocaine Indictment No. 94-GS-14-192 Clarendon County General Sessions Court Clarendon, SC | <u>05/26/1998</u> 5 years imprisonment with credit for time served in custody from April 1994 to February 22, 1998 <u>5/26/1998</u> Released from custody | 4A1.1(a) | 3 |

Court records reflect the defendant was represented by an attorney in this matter. The Indictment charges on March 11, 1994, the defendant possessed with intent to distribute a quantity of crack cocaine. The court ordered that the defendant receive credit for the time he served in custody from April 1994 through February 22, 1998, for the sentence he received in Cumberland County Superior Court on January 8, 1996, because the defendant's attorney at the time made every effort to dispose of this charge while the defendant was serving his sentence at the North Carolina Department of Corrections. **This conviction is a predicate offense for career**

3

**offender status**.

. . . .

| 31. | 03/11/94 (Age 20) | Trafficking in Crack Cocaine Indictment No. 94-GS-14- | Clarendon County General Sessions Court Clarendon, SC | <u>5/26/1998</u> Nolle prossed |

The disposition was confirmed by the Clerk of Court in Clarendon County, South Carolina.

ECF No. 44.

## II.  DISCUSSION

A.    <u>Timeliness of § 2255 Motion</u>

The government contends that Movant's § 2255 motion is untimely under § 2255(f)(4), which provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant did not file an appeal of his conviction or sentence.  Thus, Movant's judgment

became final on or about February 14, 2008, ten days after entry of judgment.[1]  See United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (citing Clay v. United States, 537 U.S. 522, 532 (2003) (holding that § 2255 motion must be filed within one year from the date on which the criminal judgment becomes final by the conclusion of direct review or expiration of the time for seeking such review)).  Movant's limitations period under § 2255(f)(1) expired on February 16, 2009.[2]  Movant's § 2255 motion was not filed until September 30, 2013, over four years later.  Movant's § 2255 motion is untimely.

Movant asserts that he did not receive a copy of the Clarendon County docket sheet on which he bases his argument until November 17, 2011.  Assuming for purposes of discussion only that November 17, 2011 represents the earliest date Movant received the docket sheet through the exercise of due diligence under § 2255(f)(4), Movant's § 2255 motion still is untimely because it was not filed by Monday, November 19, 2012,[3] one year after receipt of the docket sheet.

B.      Ineffective Assistance of Counsel

Even if Movant's § 2255 motion were not time barred, Movant cannot prevail.  To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under prevailing professional norms.  Id. at 688.  Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because

---

[1] Ten days excluding weekends and holidays.  See Fed. R. App. P. 26(a)(2).  The time for filing an appeal was changed to fourteen days in 2009.  See Fed. R. Crim. P. 4(b)(1)(A).

[2] February 14, 2009 was a Saturday.  Movant's one-year limitations period expired on the next business day, Monday, February 16, 2009.  See Fed. R. App. P. 26(a)(3).

[3] November 17, 2012 was a Saturday.  See Fed. R. App. P. 26(a)(3).

5

of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id.

Movant misapprehends the information provided to him by the Clarendon County Court of General Sessions. According to the documents submitted by Movant, Movant was charged with two separate offenses: (1) MFG/POSS OTHER SCH I II III W/INT 1ST, Offense Code 0186, Warrant or Ticket Number E000423 (ECF No. 65-1, 8); and (2) MISCELLANEOUS AND NON-DISCERNABLE (TRAFFICKING IN CRACK COCAINE), Offense Code 0157, Warrant or Ticket Number E000429 (ECF No. 65-1, 7). It appears that Movant pleaded guilty to possession with intent to distribute cocaine as to the first offense, for which he received a sentence of five years with credit for time served. ECF No. 65-1, 8. In exchange for his guilty plea, the second offense was dismissed nolle prosequi. ECF No. 65-1, 7. These two different offenses are reflected in Paragraphs 23 and 31 of the PSR.

Movant's counsel was not ineffective for failing to make a meritless objection. See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996). Movant's claim is without merit.

### III. CONCLUSION

For the reasons stated, the government's motion to dismiss (ECF No. 61) is **granted**. Movant's § 2255 motion (ECF No. 56), is **denied and dismissed**, with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 6, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**